*362 Dissenting Opinion.
Manning, O. J.
In order to maintain the sequestration in this ease our assent is required to this proposition, based upon the following state of facts, or allegations thereof in the petition — that Wilson died, having in his possession as owner nearly three thousand dollars in U. S. Treasury notes, no portion of which could be found when the inventory was taken — that the defendants lived under the same roof that he did, and under which his store was kept, and previous to his death were so impecunious that they had not wherewithal to buy the necessaries of life — that shortly after his death, they or some of them bought a stock of goods, for which they paid one thousand dollars cash — that the money thus paid is a part of thát which Wilson had at his death — ergo the goods belong to his succession, and Pirtle as its representative is the owner of them, and is authorized to sue out a writ of sequestration in its behalf. I do not think that is true either in law or in fact. In the domain of morals and conscience, it is true that the succession ought to have the goods if they were bought with its money, but the legal question is, is the succession the owner of the stock of goods ?
It cannot fail to be observed that the claim of ownership is based upon an inference, or a series of inferences. As Wilson had this money prior to his death, it is inferred that it was, or ought to have been, among the effects of his succession. As the defendants theretofore had no money, and lived in the house where this money was, and thereafter used money in the purchase of goods, the inference is that they stole the sum with which the purchase was made. As -the money thus used belonged to Wilson, the legal conclusion is drawn that the property acquired by the purchase belongs to Wilson also, and upon his ownership (or that of his succession) is based the right to the writ.
The criminal aspect of the question is entirely outside of, and beyond our present inquiry. I think the statement of the facts, assuming the truth of the plaintiff’s allegations, shews very conclusively that the succession is not the owner of the goods. If we substitute to the inference, that the defendants did steal the money, the assumption of the larceny as a fact, still it would be true that the succession was not owner of the property bought with the stolen money. Suppose the stolen money had been applied to the purchase of a tract of land, instéad of a stock of goods, would the succession have become thereby the owner of the land ? If so, and other persons were claiming it, the succession could recover it of them in a petitory action, and the proof to authorize such recovery would be the title of defendants, explained and altered and supplemented by parol proof that these defendants, in whose name the title is placed, stole the sum which forms its consideration.
*363 Conservatory process, such as this, being a harsh and extraordinary remedy, and obtained ex parte, it has been uniformly held that the party invoking it must adhere rigorously to the requirements of the law. Grounds of suspicion merely will not authorize a resort to it. Stetson v. Leblanc, 6 La. 266. It cannot be extended by implication to cases not included in the enumeration of the causes for which it is allowed. Thus — a party, having sold a stock of goods on a long credit and being holder of some of the sale notes, could not sequester on an allegation that the vendee is selling at auction to protect an indorser of the notes, who was his fraudulent confederate, the other indorsers having failed, and that the vendee was conducting his affairs out of the usual course of business, and his apprehended insolvency may defeat the privilege of the plaintiff as vendor. Barriere v. Leste, 9 Annual, 535.
There was never any ownership or possession of the goods by Wilson or his succession. He owned money which was suspected to have been stolen and used in their purchase, and however much this suspicion, ripening into a proved fact, may entitle his curator to a judgment for the sum stolen, it does not make him the owner. There was no commingling of these goods with those actually owned by Wilson at the time of his death, if he had a stock on hand then. The petition does not allege any commingling of two stocks through the defendants’ fault, and the impossibility of separating them, if indeed that would justify a writ for the whole. The prayer for the writ is solely as to the goods which the defendants bought.
Sequestration can be ordered at the request of one of the parties to a suit when he sues for the possession of movable property, Code Prac. art. 275, but he must shew a prima facie right to that possession, and such right is not shewn in this case.
I think the judgment of the lower court should be affirmed.